UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


STEVEN R. HARDY

    Petitioner

v.                                                      Case No.: 8:10-cv-2819-T-24TBM
                                                                                       8:05-cr-44-T-24TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

       This cause is before the Court upon Petitioner Hardy's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No. 1; CR Doc. No. 413). Because a review of the motion and the record in this case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter.

**I. Background**

       On June 29, 2005, Petitioner was charged in two counts of a multi-defendant, multi-count Second Superseding Indictment. (CR Doc. No. 122). In Count One, he was charged with conspiracy to distribute, and to posses with intent to distribute, five kilograms or more of cocaine and fifty grams or more of cocaine base. In Count Three, he was charged with distributing, and possessing with intent to distribute, fifty grams or more of cocaine base.

       Petitioner went to trial on the charges in July of 2005. The jury returned a verdict on August 2, 2005, finding him guilty on both counts. (CR Doc. No. 223). He was sentenced on

November 14, 2005 to life imprisonment. (CR Doc. No. 284). He appealed the judgement and conviction, and the Eleventh Circuit affirmed it on April 30, 2007. (CR Doc. No. 349).

On December 13, 2010–more than three-and-a half years after the Eleventh Circuit's decision–Petitioner submitted the instant § 2255 motion to prison authorities for mailing. However, because the § 2255 motion is untimely, the Court denies it without reaching the merits of the grounds for relief asserted therein.

## II.  Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

> (1)   the date on which the judgment of conviction becomes final;
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. U.S., 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

Petitioner unsuccessfully appealed his conviction to the Eleventh Circuit, and under such circumstances, a conviction becomes final when the Supreme Court affirms the conviction, denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. See Clay v. U.S., 537 U.S. 522, 527 (2003).  While Petitioner states in his § 2255 motion that he petitioned the Supreme Court for a writ of certiorari, the record does not support his assertion. Instead, based on the Court's review of the record in this case and based upon a limited search

on PACER, it appears that Petitioner's co-defendant, Tony Ford, petitioned the Supreme Court for a writ of certiorari.[1] (CR Doc. No. 401). If Petitioner did not petition the Supreme Court for a writ of certiorari, then his conviction became final when the time for filing a certiorari petition expired on July 30, 2007.[2] As a result, his § 2255 motion is untimely, because it was not filed by July 30, 2008 (within one year after his conviction became final).

Furthermore, even if Petitioner had joined Tony Ford's certiorari petition, the result would still be the same, because the certiorari petition was not timely filed. As previously stated, the time for filing a certiorari petition expired on July 30, 2007. However, Tony Ford did not file the certiorari petition until June 19, 2009–almost two years after the time for filing a certiorari petition expired.[3] Thus, even if Petitioner had joined the certiorari petition, his § 2255 motion is still untimely, because his conviction became final when the time for filing the certiorari petition expired on July 30, 2007.[4] See Warmus v. U.S., 253 Fed. Appx. 2, 5 (11th Cir. 2007).

**III. Conclusion**

---

[1] This information can be found on the Supreme Court's website by doing a docket search on case number 09-5787.

[2] A petition for a writ of certiorari must be filed within 90 days after the entry of the judgment being appealed. 28 U.S.C. § 2101(c).

[3] This information can be found on the Supreme Court's website by doing a docket search on case number 09-5787.

[4] According to the Supreme Court's website, the Supreme Court denied the certiorari petition on October 5, 2009 and denied rehearing on December 14, 2009. It does not matter that Petitioner's § 2255 motion was filed within one year after the Supreme Court's final ruling regarding the certiorari petition, because the certiorari petition was not timely filed, and as such, his § 2255 motion had to be filed by July 30, 2008.

Accordingly, Petitioner's § 2255 motion (CV Doc. No. 1; CR Doc. No. 413) is **DENIED** as time-barred. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of December, 2010.

Copies to:
Counsel of Record
Pro Se Petitioner

SUSAN C. BUCKLEW
United States District Judge